UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY BAYLISS,

        Plaintiff,

vs.                                       Case No. 8:10-CV-1030-T-27MAP

COX RADIO, INC., and MIKE CALTA,

        Defendants.

_____/

## ORDER

**BEFORE THE COURT** is Plaintiffs' Motion to Remand (Dkt. 9), to which Defendant has responded (Dkt. 11). Upon consideration, the motion is GRANTED.

The initial Complaint, which was filed in state court, includes the following allegations. Plaintiff was formerly employed by Defendant Cox Radio, Inc. ("Cox") as an account representative. (Dkt. 2 ¶ 6). Defendant Mike Calta (also known as "Cowhead") is an "on-air personality" employed by Cox. *Id.* 2 ¶¶ 5, 12.[1] During a broadcast in 2008, and in the course of a conversation with "Crazy-eyed Tommy," a manager of a local Budweiser distributorship, Calta described Plaintiff as a "troll" who ruined a Cox promotional event for Budweiser. *Id.* ¶ 13. Budweiser was one of Plaintiff's largest accounts before Cox assigned it to a lesser qualified younger female in the months leading up to his discharge on October 31, 2008. *Id.* ¶¶ 11, 18; *see also* Dkt 6-1 at 2 (alleging that "[t]he Budweiser account was wrongfully taken from [Plaintiff] following Cowhead's [allegedly

---

[1] *See also* April 29, 2010 Declaration of Michael Calta ("Calta Decl." [Dkt. 4]) ¶ 2.

1

slanderous] broadcasts.").[2]

In a letter dated October 9, 2008 to Jay O'Connor, Cox's Regional Vice President, with a copy to an otherwise unidentified Janet McCenery, Esq. (the "Berman letter" [Dkt. 6-1]), Plaintiff's counsel reported Calta's allegedly defamatory statement, complained that the statement was "derogatory and slanderous," and offered to provide O'Connor an audio recording of the statement.

Plaintiff thereafter sued Defendants in state court and alleged (1) claims against Cox for age discrimination and retaliation in violation of the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. §760.01 *et seq.* (Counts I-II) and slander per se (Count IV) and (2) a claim against Calta for slander per se (Count III). On April 19, 2010, Defendants moved to dismiss Counts III and IV for failure to state a claim. (Dkt. 3). Defendants contended that Plaintiff failed to allege compliance with the pre-suit notice requirements of Section 770.01, Florida Statutes, and that the alleged defamatory statements were not actionable because they were mere "creative and vituperative insults and/or . . . Defendant Calta's opinions." (Dkt. 3 at 3).

On April 29, 2010, Defendant removed pursuant to 28 U.S.C. §§ 1441 and 1446 and alleged diversity jurisdiction under 28 U.S.C. § 1332(a). The notice of removal alleges that Plaintiff and Defendant Calta are both citizens of Florida. (Dkt. 1 ¶¶ 6, 7). Because he is a citizen of Florida, Calta's joinder would ordinarily defeat complete diversity. However, the notice contends that Calta's citizenship should be ignored pursuant to the "fraudulent joinder" doctrine. *Id.* ¶ 7. The notice alleges that there is no possibility that Plaintiff can state a claim for slander against Calta

---

[2] Plaintiff also alleges that, on another occasion in 2008 (apparently, the day before the statement just described, *see* Dkt. 6-1 at 1), Calta announced that Crazy-eyed Tommy would be in the studio, "indicate[d] that he hates Plaintiff and encourage[d] someone named Rama to kill Plaintiff, so that 'we'll all be happy.'" Dkt. 2 ¶ 15.

because Plaintiff (a) failed to allege his compliance with the pre-suit notice requirements of Section 770.01 and (b) did not in fact provide the required notice. *Id.* ¶¶ 8-9. Plaintiff moves to remand and argues that the fraudulent joinder doctrine is inapplicable. (Dkt. 9).

### *Discussion*

Section 1441 of Title 28 generally authorizes removal of an action within the original jurisdiction of the district court. Diversity jurisdiction exists if the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996), *abrogated in part by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076 (11th Cir. 2000)).

However, the fraudulent joinder doctrine provides an exception to the requirement of complete diversity. If a removing defendant demonstrates by clear and convincing evidence that no possibility exists that the plaintiff can establish a cause of action against a non-diverse defendant, the non-diverse defendant is said to have been "fraudulently joined," and that defendant is disregarded in determining whether complete diversity exists. *See Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). The burden on the defendant seeking to demonstrate fraudulent joinder is "a heavy one." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). "Where a plaintiff states even a colorable claim against the [non-diverse defendant], joinder is proper and the case should be remanded to state court." *Id.* "[A]ny ambiguity or doubt

about whether state law might impose liability on [the non-diverse] defendant favors remand." *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997).[3]

The procedure for resolving a fraudulent joinder claim "'is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b).'" *Crowe*, 113 F.3d at 1538 (quoting *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 n.9 (5th Cir. Unit A 1981)). "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez*, 139 F.3d at 1380; *cf. Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) ("[U]pon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.") (internal citations omitted). Disputed factual allegations are viewed in the light most favorable to the plaintiff and uncertainty about state substantive law is resolved in the plaintiff's favor. *See Crowe*, 113 F.3d at 1538; *Legg v. Wyeth*, 428 F.3d at 1323. However, although the procedure for resolving a claim of fraudulent joinder resembles that used in resolving a motion for summary judgment, "[w]hen considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538.

---

[3] *See also Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007) ("[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary."); *Triggs*, 154 F.3d at 1287; *cf. Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) ("The potential for legal liability 'must be reasonable, not merely theoretical.'") (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)); *see also Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) ("Stated differently, [the district court] must determine whether there is any reasonable basis for predicting that the plaintiff might be able to establish [the non-diverse defendant's] liability on the pleaded claims in state court.") (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)).

Section 770.01, Florida Statutes, provides:

Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he or she alleges to be false and defamatory.

This statutory notice is a condition precedent to suit. *Canonico v. Callaway*, 26 So. 3d 53, 54 (Fla. 2d DCA 2010). "Failure to comply with the notice provision of section 770.01 requires dismissal of the complaint for failure to state a cause of action." *Mancini v. Personalized Air Conditioning & Heating, Inc.*, 702 So. 2d 1376, 1377 (Fla. 4th DCA 1997).

To the extent Defendant argues that Plaintiff's failure to allege compliance with Section 770.01 in his initial Complaint demonstrates that Plaintiff has no possible claim against Calta, that argument is rejected. Plaintiff generally alleged compliance with or waiver of all conditions precedent. *See* Dkt. 2 ¶ 3. It is certainly possible that a Florida Court would find the general averment sufficient for pleading purposes. *See* Fla. R. Civ. P. Rule 1.120(c) ("In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred."); *Edward L. Nezelek, Inc. v. Sunbeam Television Corp.*, 413 So. 2d 51, 56 (Fla. 3d DCA 1982) (plaintiff must generally allege compliance with Section 770.01). Even if the allegation is insufficient, a Florida court would likely grant leave to amend to cure the pleading defect. *See Commercial Carrier Corp. v. Indian River County*, 371 So. 2d 1010, 1023 (Fla. 1979) (although third-party complaints did not properly allege compliance with the notice provisions of Fla. Stat. § 768.28(6) and compliance with that provision was a condition precedent to suit, dismissal with prejudice was improper: the complaints "should have been dismissed with leave to amend.").

Defendant also contends that, as to Calta, Plaintiff did not in fact comply with Section 770.01's pre-suit notice requirements. Defendant relies primarily on Calta's statement that, as of April 29, 2010, Calta had not "received written notice (other than the service of the Complaint) in any form from [Plaintiff] or his attorney identifying any false and defamatory statement that [Calta] supposedly made about him, or identifying any specific broadcast where a false and defamatory statement supposedly was made." Calta Decl. ¶ 4. Defendant also argues that, because it was addressed to O'Connor (not Calta), the Berman letter did not provide the required pre-suit notice as to Calta,[4] and that pre-suit notice is required as to each Defendant. *See Hevey v. News-Journal Corp.*, 148 So. 2d 543, 549 (Fla. 1st DCA 1963).

Neither party cites Florida case law directly addressing the question of whether pre-suit written notice to a broadcaster satisfies the pre-suit notice requirement as to an employee of the broadcaster who, acting within the scope of his employment, made the allegedly defamatory statement. However, assuming a separate pre-suit notice to Calta was required and not given, it is reasonably possible that a Florida court would have permitted Plaintiff to cure the defect and thereafter file an amended complaint.

Relying on *Orlando Sports Stadium, Inc. v. Sentinel Star Co.*, 316 So. 2d 607 (Fla. 4th DCA 1975), Plaintiff contends that, because compliance with Section 770.01 is a condition precedent to

---

[4] To the extent Defendant argues that the Court may not consider the Berman letter (Dkt. 11 at 5-6), the argument is rejected. *See Pacheco de Perez*, 139 F.3d at 1380 ("The determination of whether a . . . defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties."). Assuming the requirements of Fed. R. Civ. P. 56(e) apply here, the Berman letter is precisely the type of documentary evidence that, if otherwise admissible or not properly objected to, is properly considered on summary judgment. Defendant does not object to the letter as inadmissible under the Federal Rules of Evidence. Indeed, Defendant attaches to its own response a letter (Dkt. 11-1) unauthenticated by any declaration or affidavit. Defendant merely suggests that, because it is attached to an amended pleading, the Berman letter may not be considered. The Court disagrees.

suit, Plaintiff could not comply with Section 770.01 statute by providing the required notice after filing suit. *See* 316 So. 2d at 610; *Gifford v. Bruckner*, 565 So. 2d 887, 888 n.1 (Fla. 2d DCA 1990) ("Compliance with section 770.01, where necessary, is a condition precedent to maintaining an action, and one cannot satisfy the statute by providing notice subsequent to filing the complaint.") (citing *Orlando Sports Stadium*).

Notwithstanding *Orlando Sports Stadium*, there is a reasonable possibility that Plaintiff could satisfy Section 770.01 as to Calta even if he had not done so prior to filing the Complaint. Even if failure to comply with Section 770.01 required dismissal of Count III in response to a properly supported motion for summary judgment, under Florida law, the dismissal arguably would have been without prejudice if the pertinent limitations period had not run. *See City of Coconut Creek v. City of Deerfield Beach*, 840 So. 2d 389, 393 (Fla. 4th DCA 2003) (although failure to comply with a statutory condition precedent generally requires dismissal, "[i]f there remains sufficient time to comply with the statutory precondition, the action should be dismissed with leave to amend."); *Laney v. Knight-Ridder Newspapers, Inc.*, 532 F. Supp. 910, 913 (S.D. Fla. 1982) (dismissing libel action for failure to comply with Section 770.01 but stating that "Plaintiff is free to refile this action upon compliance with [the statute]").[5] Here, Defendant does not contend that the pertinent limitations period, *see* Fla. Stat. § 95.11(4)(g), had run when Defendant removed this action, or even that it has run.

In sum, Plaintiff's failure to comply with Section 770.01 permits dismissal of Count III with

---

[5] *Compare Canonico v. Callaway*, 26 So. 3d at 54 (affirming dismissal with prejudice of defamation lawsuit where plaintiff filed suit prematurely, before satisfying Section 770.01's pre-suit notice requirements, in part because "[plaintiff's] lawsuit was thereafter barred by the applicable statute of limitations.").

leave to amend (to give the plaintiff an opportunity to cure the deficiency) rather than outright dismissal of Calta from the lawsuit. *Cf. Hosp. Corp. of Am. v. Lindberg*, 571 So. 2d 446, 449 (Fla. 1990) ("[I]n medical malpractice actions, if a presuit notice is served at the same time as a complaint is filed, the complaint is subject to dismissal with leave to amend."); *Nezelek*, 413 So. 2d at 56-57 & n.7 (distinguishing *Orlando Sports Stadium* as involving a dismissal with prejudice "after the complaint had been amended at least five times" and receding from *Hulander v. Sunbeam Television Corp.*, 364 So. 2d 845 (Fla. 3d DCA 1978), to the extent that the decision precludes a single amendment of a demand for retraction made pursuant to Section 770.01 after the filing of a complaint).

### *Conclusion*

For the foregoing reasons, Plaintiffs' Motion to Remand (Dkt. 9) is **GRANTED** and this case is **REMANDED**. The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Pinellas County, (2) terminate any pending motions, and (3) close the case. Plaintiff's request for attorney's fees pursuant to 28 U.S.C. § 1447(c) is **DENIED** because Defendant's basis for removal, although mistaken, was not objectively unreasonable. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005).

**DONE AND ORDERED** in chambers this 13th day of October, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

8